IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT RYANS<br>150 North Yewdal Street, 1st Floor<br>Philadelphia, PA 19139 : <br> : CIVIL ACTION<br>        Plaintiff, : <br> : No. _____<br>   v. : <br> : **JURY TRIAL DEMANDED**<br>PENN TOWER HOTEL, INC., d/b/a :<br>SHERATON UNIVERSITY HOTEL :<br>3501 Chestnut Street :<br>Philadelphia, PA 19104 :<br>       and :<br>MJ EMPLOYMENT SERVICES, INC. :<br>3501 Chestnut Street :<br>Philadelphia, PA 19104 :<br>       and :<br>AUDREY KRIJT :<br>3501 Chestnut Street :<br>Philadelphia, PA 19104 :<br> :<br>        Defendants. : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. This action has been initiated by Vincent Ryans (hereinafter referred to as "Plaintiff," unless indicated otherwise) against Penn Tower Hotel, Inc., d/b/a Sheraton University Hotel and MJ Employment Services, Inc. (hereinafter referred to collectively as "Defendants" unless indicated otherwise) for violations of the Americans with Disabilities Act ("ADA" - 42 U.S.C. §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA"). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Penn Tower Hotel, Inc., d/b/a Sheraton University Hotel (hereinafter "Defendant PTH" if referred to individually) is a Pennsylvania for-profit corporation operating and employing employees at a hotel doing business as Sheraton University Hotel within Philadelphia (at the above-captioned address).

8. Defendant MJ Employment Services, Inc. (hereinafter "Defendant MJ" if referred to individually) is a for-profit corporation operating at the same specified address as Defendant PTH as identified in payroll materials disseminated and submitted to employees of Defendants.

9. Defendant Audrey Krijt was at all times relevant herein Plaintiff's Director of Human Resources responsible for overseeing and decision making with respect to Plaintiff's medical leave, accommodation requests and termination from employment.

10. Plaintiff was an employee of Defendant PTH, as this entity hired him, supervised his terms and conditions of employment, and directly terminated his employment. Plaintiff was also upon information and belief a direct employee of Defendant MJ, as this entity paid Plaintiff, is considered a management company providing management services with overlapping management of Defendant PTH, and oversaw Plaintiff's terms of compensation and benefits from the inception of Plaintiff's employment through his termination from employment.

11. Defendants PTH and MJ are properly considered joint, single and/or integrated employers for the purposes of this action as they shared in management, resources, and oversight over the terms and conditions of Plaintiff's employment. Defendant Krijt is personally liable for terminating Plaintiff because she was a high-level manager with full decision making overseeing Plaintiff's medical leave under the FMLA and subsequent termination for unlawful motives.

12. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

**FACTUAL BACKGROUND**

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff is a 49-year-old male.

15. Plaintiff was hired by Defendants in or about August of 2011.

16. Plaintiff was hired to work within the position of night auditor, and did so until his termination from Defendants after approximately 2 years of employment).

17. Plaintiff has a long history of medical problems and treatment for his disabilities, which include but are not limited to arthritis and gout (and related complications). Such conditions at times limit Plaintiff's ability to perform manual tasks, walk, and work (among other various life activities). Plaintiff suffers from the aforesaid disabilities currently and has for approximately the last approximate decade.

18. Due to complications with Plaintiff's health, he requested leave from Defendants from in or about March of 2013 through in or about June of 2013 (a period of approximately 12 weeks).

19. Plaintiff was informed his leave March to June 2013 leave was designated FMLA leave by Defendants' management, representations and designations upon which he relied.

20. During the aforesaid timeframe (March 2013 through June 2013), Plaintiff was hospitalized at times, received significant medical treatment, and followed a prescribed medical regimen of rehabilitation (as medically directed).

21. Plaintiff attempted to return to work on or about June 17, 2013, a date in which Plaintiff was requested to return by Defendants (although Plaintiff had requested 1 addition week to be out of work beyond June 17, 2013).

22. In an effort to comply with Defendants' preference that Plaintiff return to work by June 17, 2013, Plaintiff did in fact attempt to work on this date with an extraordinarily

4

reasonable accommodation request (that he be able to sit down if and as needed on an intermittent basis).

23. Plaintiff provided Defendants' management with a medical note on June 17, 2013 indicating Plaintiff should "be provided a stool, placed near where he works, where he can intermittently sit for relief of pain and edema."

24. Plaintiff was prohibited from working and was specifically told he could not work due to his health problems by Defendants' management upon attempting to return to work from his aforesaid medical leave of absence.

25. Instead, Plaintiff was provided with a letter dated June 18, 2013 terminating his employment by one Audrey Krijt, a Director of Human Resources, which stated *inter alia*: "[t]he position of Guest Service Agent requires that you be able to stand and walk continuously throughout your shift." Such termination was confirmed verbally in a telephone conversation between Defendant Krijt and Plaintiff.

26. Plaintiff could have - without question - performed every essential and non-essential job duty with or without his reasonable accommodation request as aforesaid.

27. Plaintiff was not permitted to remain out of work until June 24, 2013 as he and his physician originally requested (only 1 more week of leave), Plaintiff was not permitted to work with an exceedingly modest accommodation request which in no way would have impeded his ability to perform any part of his job for Defendants, and Plaintiff was terminated despite that his accommodation was only needed for a very limited period of time anyway (without Defendants engaging in any sort interactive process with him).

5

## Count I
### Violations of the Americans with Disabilities Act ("ADA," as amended)
([1] Discrimination; [2] Failure to Accommodate; [3] Retaliation)

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff properly exhausted his administrative remedies before proceeding in this Court for violations of the ADA by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant Complaint within 90 days of receiving a notice of case closure and/or right-to-sue letter.

30. Plaintiff was terminated from Defendant because of: (1) his known health conditions; (2) his perceived health conditions; and/or (3) due to his record of impairment.

31. Defendants also terminated Plaintiff without properly accommodating him by: (a) failing to permit him to take 1 additional week of medical leave; (b) failing to honor Plaintiff's need for intermittent sitting; and (c) by terminating Plaintiff without honoring accommodations or engaging in an interactive process. Plaintiff was directly terminated from Defendant as a result of not being accommodated.

32. Defendant's termination of Plaintiff for seeking and/or requesting accommodations as aforesaid also constitutes unlawful retaliation.

33. These actions as aforesaid constitute unlawful discrimination, retaliation, and failure to accommodate under the ADA, as amended.

## Count II
### Violations of the Pennsylvania Human Relations Act ("PHRA")
([1] Discrimination; [2] Failure to Accommodate; [3] Retaliation)

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.   Plaintiff dual-filed his EEOC Charge with the Pennsylvania Human Relations Commission timely.

36.   The PHRA mirrors the ADA in its protections and is analyzed similarly, and Plaintiff therefore reasserts and re-alleges each and every claim as set forth in Count I of this Complaint.

37.   Such actions as aforesaid also constitute violations of the PHRA.

### Count III
### Violations of the Family and Medical Leave Act ("FMLA")
### ([1] Interference & [2] Retaliation)

38.   The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.   Plaintiff met all threshold requirements of the FMLA, including having worked sufficient hours, having worked for over 1 year, and having worked for an entity with more than 50 employees.

40.   Plaintiff took an FMLA qualifying leave through June 17, 2013, and he was specifically advised by Defendants (upon which he relied) that such leave was FMLA qualifying.

41.   Plaintiff was able to return to work and attempted to return to work with Defendants (and to perform all duties) but was not reinstated as required by the FMLA.

42.   Plaintiff was terminated from Defendants: (a) without required reinstatement as mandated by FMLA regulations; (b) for exercising his FMLA rights; (c) to prevent him from further exercising his FMLA rights; (d) to dissuade Plaintiff and others from using FMLA; and (e) without Defendant abiding by mandatory regulations as to notice, designation, and written expectations being provided.

43. These actions as aforesaid (of terminating Plaintiff) constitute interference and retaliation violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority (and reinstatement if deemed appropriate by the Court).

B. Plaintiff is to be awarded punitive or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020 / (215) 639-0801

Dated: June 16, 2014

8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| VINCENT RYANS | CIVIL ACTION |
| v. | |
| PENN TOWER HOTEL, INC. d/b/a SHERATON UNIVERSITY HOTEL, et al. | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 6/16/2014 | Ari R. Karpf | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 150 North Yewdal Street, 1st Floor, Philadelphia, PA 19139

Address of Defendant: 3501 Chestnut Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Defendants place of business
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Ari R. Karpf, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 6/16/2014   _____   ARK2484
                  Attorney-at-Law            Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/16/2014   _____   ARK2484
                  Attorney-at-Law            Attorney I.D.# 91538

CIV. 609 (5/2012)

# CIVIL COVER SHEET

⊕JS 44  (Rev. 12/07, NJ 5/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
RYANS, VINCENT

(b) County of Residence of First Listed Plaintiff: Philadelphia

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf & Cerutti, P.C., 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020, (215) 639-0801, akarpf@karpf-law.com

## DEFENDANTS
PENN TOWER HOTEL, INC., d/b/a SHERATON UNIVERSITY HOTEL, et al.

County of Residence of First Listed Defendant: Philadelphia

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus: |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | IMMIGRATION |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans w/Disabilities Act "ADA" 42USC12101; Family & Medical Leave Act "FMLA" 29 USC 2601

Brief description of cause:
Violations of the ADA, FMLA and the Pennsylvania Human Relations Act "PHRA"

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
(See instructions):
JUDGE _____  DOCKET NUMBER _____

Explanation:

DATE: 6/16/2014

SIGNATURE OF ATTORNEY OF RECORD